IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 95-40191

Summary Calendar

—————————

JOSEPH ALFRED ROME, JR.,

Plaintiff-Appellant,

versus

DAN MORALES,

Defendant-Appellee.

—————————

Appeal from the United States District Court
for the Eastern District of Texas
(6:94 CV 450)

—————————

(September 20, 1995)

Before HIGGINBOTHAM, THORNBERRY, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant, Joseph Alfred Rome, Jr., an inmate currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice ("TDCJ"), appeals the dismissal of his *pro se, in forma pauperis* civil rights complaint. We affirm.

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Background

Rome filed a class-action suit against Morales and former Governor Ann Richards,[1] seeking declaratory and monetary relief pursuant to 42 U.S.C. § 1983 (1988), for alleged constitutional violations regarding the manner in which the state manages its good-time system. He asserts, *inter alia*, that TCDJ's policy of failing to restore forfeited good-time constitutes an *ex post facto* violation. Rome also argues that the policy requires inmates to serve the same prison time twice, thus resulting in double jeopardy.

The magistrate judge found that Rome had failed to state a claim upon which relief could be granted and recommended dismissal. The district court adopted the magistrate's recommendations, found Rome had stated no constitutional violation, and dismissed the complaint with prejudice.

Discussion

Rome's primary contention centers on TEX. GOV'T CODE § 498.004(b), which was not in effect at the time he committed his offense, and thus he claims its application to his sentence constitutes an *ex post facto* violation. He contends that under former TEX. CODE CRIM. PROC. art. 42.12, § 23, all credits he received became part of his sentence and could not be lost either as a result of the revocation of his parole in the form of mandatory

_____

[1] The complaint as to defendant Richards was dismissed by the district court as "frivolous as a matter of law." Rome has not appealed this ruling.

supervision or because of prison disciplinary proceedings. He also asserts that TCDJ's policy violated the Texas Constitution's prohibition on retroactive application of penal laws, and concludes that he is entitled to be discharged fully because he has served four years flat time and eight years of good time.

Rome also complains that he is serving the same time twice because he lost his previously earned good-time credits following the revocation of his mandatory supervision. He argues that, because he did not, at the time of his release, sign the contract agreeing to mandatory supervision, he should not have been bound by its terms. Rome asserts the contract would have retrospectively deprived him of calendar time previously served, and argues the contract provisions result in *ex post facto* and double jeopardy violations.

In addition, Rome argues that the district court erred in dismissing his claim that Texas should pay money to inmates for work performed while incarcerated. He argues that the state cannot impose a sentence greater than the one imposed at trial, and that he was not sentenced to a term of labor.

Finally, Rome has made certain other arguments during this lawsuit. Rome included in his opening brief's list of issues a claim that Texas was using county and state jails to deprive prisoners of good time credits. In his reply brief, Rome argues that Texas denied him due process of law by failing to inform him that his good time credits would be lost during his eight-month

3

stay in county jail and by delaying his suit to regain his good time credits.

This Court reviews *de novo* a trial court's dismissal of a complaint for failure to state a claim upon which relief can be granted. Giddings v. Chandler, 979 F.2d 1104, 1106 (5th Cir. 1992). The dismissal may be upheld "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (internal quotation marks and citation omitted). We are, however, free to uphold the judgment below on any legal grounds supported by the record. Forsyth v. Barr, 19 F.3d 1527, 1534 n.12 (5th Cir.), cert. denied, 115 S. Ct. 195 (1994). We rely on this last principle in disposing of most of Rome's appeal.

Rome's federal *ex post facto* and double jeopardy claims, as well as his arguments based on the Texas Constitution, have one thing in common: all implicate the length of time Rome would spend within the TDCJ system. At bottom, Rome's contention is that Texas has kept or will keep him incarcerated for too long. That claim is not cognizable in a suit under § 1983. The sole remedy for challenges to the fact or length of incarceration is a habeas proceeding under 28 U.S.C. § 2254 (1988). Heck v. Humphrey, 114 S. Ct. 2364 (1994) (construing Preiser v. Rodriquez, 411 U.S. 475 (1973)).[2] Prisoners may invoke § 1983 in, for instance, challenges

_____

[2] The policy behind this doctrine is to preserve the habeas requirement that a state prisoner exhaust state remedies before filing in federal court. See 28 U.S.C. § 2254(b-c) (1988). A § 1983 plaintiff need not exhaust state remedies under most circumstances. Monroe v. Pape, 365 U.S. 167 (1961).

4

to the adequacy of state procedures designed to determine the availability or duration of good time credits.  The remedy in such a case is an order to a state correctional authority to implement a particular procedure, not an order to restore good time credits. The latter sort of order, because it affects the length of a prisoner's stay in a state corrections system, is available only in a habeas proceeding.

Rome's argument that prisoners should receive payment for work in prison lacks merit.  Texas may constitutionally compel inmates to work without pay.  <u>Wendt v. Lynaugh</u>, 841 F.2d 619, 620-21 (5th Cir. 1988).

Rome has defaulted on his remaining claims.  Although he included an issue concerning county and state jails in his opening brief, he did not explain or argue this contention in the body of the brief itself and thus has abandoned it in this appeal.  <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).  We will not consider Rome's due process argument because he raised it for the first time in his reply brief to this court.  <u>See</u> <u>United States v. Prince</u>, 868 F.2d 1379, 1386 (5th Cir.), <u>cert. denied</u>, 493 U.S. 932 (1989).

AFFIRMED.